United States District Court
Southern District of Texas
FILED

NOV 01 2016

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| v. | § § § § | Criminal No M-16-1589 |
| GUILLERMO MORALES | § | |
| also known as "Don Gio" | § | |
| ERICK ALAN TORRES DAVILA | § | |
| also known as "Cachorro" | § | |
| ELIZABETH LOPEZ-PEREZ | § | |
| DAVID MARTINEZ | § | |
| EFRAIN ROBLEDO | § | |
| also known as "Payo" | § | |
| RAUL VILLEGAS VILLANUEVA | § | |
| OLEOMAR MONTALVO | § | |
| also known as "Omar" | § | |
| JESUS REMEDIOS MANQUEROS | § | |
| ANTHONY RAY SANCHEZ | § | |
| ERIC CACERES COLEMAN | § | |
| ~~DIANNA MARIE SANCHEZ~~ AMAIRANI FLORES | | |
| also known as "Lizeth" | § | 11/7/16 cr |
| MARIO GONZALEZ | § | |
| NORBERTO CANTU | § | |
| HECTOR HERNANDEZ CARDENAS | § § § | |
| ELMER MACARIO RAMOS | § | |
| OSCAR TANGUMA, JR   11/21/16 | § cr | |
| also known as "Flaco" | § | |
| ARMANDO TANGUMA | § | |
| aka ANDREW MARTINEZ  True Name: ANDRES MARTINEZ 11/7/16 cr | | |
| HEATHER SEGURA | § | |
| EFRAIN ~~LOPEZ~~ DIMAS LOPEZ 11/18/16 | § cr | |
| SAMUEL JESUS OLIVO | § | |

## SEALED INDICTMENT

THE GRAND JURY CHARGES:

## Count One

From on or about February 2013, to on or about the date of this Indictment, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

> GUILLERMO MORALES
> also known as "Don Gio"
> ERICK ALAN TORRES DAVILA
> also known as "Cachorro"
> ELIZABETH LOPEZ-PEREZ
> DAVID MARTINEZ
> EFRAIN ROBLEDO
> also known as "Payo"
> RAUL VILLEGAS VILLANUEVA
> OLEOMAR MONTALVO
> also known as "Omar"
> JESUS REMEDIOS MANQUEROS
> ANTHONY RAY SANCHEZ
> ERIC CACERES COLEMAN
> ~~DIANNA MARIE SANCHEZ~~ AMAIRANI FLORES
> also known as "Lizeth"
> MARIO GONZALEZ
> NORBERTO CANTU
> HECTOR HERNANDEZ CARDENAS
>
> ELMER MACARIO RAMOS
> OSCAR TANGUMA, JR
> also known as "Flaco"
> ARMANDO TANGUMA
> aka ANDREW MARTINEZ  True Name: ANDRES MARTINEZ
> HEATHER SEGURA
>
> and
> EFRAIN ~~LOPEZ~~ DIMAS LOPEZ

did knowingly and intentionally conspire and agree together and with other persons known and unknown to the Grand Jurors, to possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; 50 grams or more of

methamphetamine, a Schedule II controlled substance; 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B).

### Count Two

From on or about January 2015 and up to this date, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**GUILLERMO MORALES**
**also known as "Don Gio"**
**SAMUEL JESUS OLIVO**
**and**
**NORBERTO CANTU**

did knowingly conspire and agree together and with other persons known and unknown to the Grand Jurors to transport, transmit and transfer and attempt to transport, transmit and transfer monetary instruments and funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (h).

### Count Three

On or about April 12, 2015, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, defendants,

**GUILLERMO MORALES**
**also known as "Don Gio"**
**and**
**SAMUEL JESUS OLIVO**

did attempt to transport monetary funds, that is approximately $998,030.00 in United States currency, from a place in the United States, that is Alabama, to a place outside the United States,

that is Mexico, with the intent to promote the carrying on of specified unlawful activity, that is the distribution of a controlled substance.

In violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2.

### Count Four

On or about October 7, 2015, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**GUILLERMO MORALES**
**also known as "Don Gio"**
**ERICK ALAN TORRES DAVILA**
**also known as "Cachorro"**
**and**
**ELIZABETH LOPEZ-PEREZ**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 5 kilograms or more, that is, approximately 42 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Five

On or about March 31, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**GUILLERMO MORALES**
**also known as "Don Gio"**
**DAVID MARTINEZ**
**OLEOMAR MONTALVO**
**also known as "Omar"**
**JESUS REMEDIOS MANQUEROS**
**ANTHONY RAY SANCHEZ**
**and**
**ERIC CACERES COLEMAN**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 100 kilograms or more, that is, approximately 425 kilograms of a mixture or substance containing a detectable amount of marijuana a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

### Count Six

On or about April 11, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**ERICK ALAN TORRES DAVILA**
**also known as "Cachorro"**
~~DIANNA MARIE SANCHEZ~~ AMAIRANI FLORES
**also known as "Lizeth"**
**and**
**MARIO GONZALEZ**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substances involved were 5 kilograms or more, that is, approximately 13 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Seven

On or about April 25, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**GUILLERMO MORALES**

>                    also known as "Don Gio"
>                  ERICK ALAN TORRES DAVILA
>                    also known as "Cachorro"
>                        DAVID MARTINEZ
>                   HECTOR HERNANDEZ CARDENAS


>                        ELMER MACARIO RAMOS

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substances involved were 5 kilograms or more, that is, approximately 215 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

### Count Eight

On or about May 12, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

>                        DAVID MARTINEZ
>                        OSCAR TANGUMA, JR
>                        also known as "Flaco"
>                        ARMANDO TANGUMA
>                   aka ANDREW MARTINEZ True Name: ANDRES MARTINEZ
>                              and
>                        HEATHER SEGURA

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substances involved were 500 grams or more, that is, approximately 4 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

### Count Nine

On or about May 17, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**GUILLERMO MORALES**
**also known as "Don Gio"**
**and**

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 kilograms or more, that is, approximately 82 kilograms of a mixture or substance containing a detectable amount of marijuana a Schedule I controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

### Count Ten

On or about August 30, 2016, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**DAVID MARTINEZ**
**and**
**EFRAIN ~~LOPEZ~~ DIMAS** LOPEZ

did knowingly and intentionally possess with intent to distribute a controlled substance. The controlled substance involved was 50 grams or more, that is, approximately 1,955 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and Title 18, United States Code, Section 2.

## NOTICE OF CRIMINAL FORFEITURE

### NOTICE OF FORFEITURE
### (21 U.S.C. § 853)

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the Defendants charged in Counts 1 and 4 through 10 of this Indictment, that upon conviction of a violation of Title 21, United States Code, Sections 841 and/or 846,

1. all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

2. all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation,

is subject to forfeiture.

### NOTICE OF FORFEITURE
### (18 U.S.C. § 982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the Defendants charged in Counts 2 and 3 of this Indictment that upon conviction of a violation of Title 18, United States Code, Section 1956, including conspiracy, all property, real and personal, involved in such violation, and all property traceable to such property, is subject to forfeiture.

### MONEY JUDGMENT

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the Defendants may be jointly and severally liable.

### PROPERTY SUBJECT TO FORFEITURE

Defendants are notified that the property subject to forfeiture includes, but is not limited to, the following property:

a. at least $6,000,000.00 in United States currency;

b. real property, improvements and appurtenances located in Donna, Texas and legally described as follows:

> Lot 54 Birch Subdivision Phase II, Hidalgo County, Texas, according to the map recorded in Volume 55, Page 60-62, Map Records in the Office of the County Clerk of Hidalgo County Texas.

c. real property, improvements and appurtenances located in Edinburg, Texas and legally described as follows:

> Lot 22, SEMINOLE VALLEY, an addition to the City of Edinburg, Hidalgo County, Texas, according to the map or plat thereof recorded in Volume 31, Page 99, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which here made for all purposes.

d. real property, improvements and appurtenances located in Weslaco, Texas and legally described as follows:

> A 5.60 acres out of Farm Tract 198, Block 181, West Tract Subdivision, Hidalgo County, Texas, according to the map recorded in Volume 2, Page 34, Map Records in the Office of the County Clerk of Hidalgo County, Texas, reference to which is here made for all purposes.

## SUBSTITUTE ASSETS

In the event that property subject to forfeiture, as a result of any act or omission of a Defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

the United States will seek to forfeit any other property of the Defendant up to the total value of